# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **BRIAN DAVIS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Case number 4:08cv0138 CDP** |
| ) | |
| **TERRY RUSSELL and** ) | |
| **CHRIS KOSTER,**[1] ) | |
| ) | |
| **Respondents.** ) | |

## <u>MEMORANDUM AND ORDER</u>

Brian Davis, who is a Missouri prisoner, petitions the United States District Court for the Eastern District of Missouri for federal habeas corpus relief from a conviction following a guilty plea. <u>See</u> 28 U.S.C. § 2254. Finding that Petitioner's first ground is not cognizable in a federal habeas proceeding and the other two grounds for relief are without merit, the petition will be denied without further proceedings.

## <u>Background</u>

In early 2004, Petitioner was charged by a two-count indictment with attempted

---

[1] Petitioner is incarcerated at the Eastern Reception, Diagnostic and Correctional Center (E R D C C) where Terry Russell is now the Warden. <u>See</u> http://doc.mo.gov./division/dai/warden.php (last visited Apr. 27, 2011). The Court will substitute Terry Russell for the originally named Respondent, Steve Larkins, who was the Warden at the ERDCC when this petition was filed.

When he filed this federal habeas action, Petitioner was serving consecutive five-year terms of imprisonment resulting from the judgment he is now challenging. Because Petitioner was challenging a sentence he was going to serve in the future, the Attorney General of Missouri should be named as a party respondent in this habeas action. See Rule 2(b), Rules Governing Section 2254 in the United States District Courts. Accordingly, the Court will add as a Respondent Chris Koster, the Attorney General of the State of Missouri.

forcible rape in violation of Mo. Rev. Stat. § 564.011[2] and kidnapping in violation of

Mo. Rev. Stat. § 565.110[3] for an incident occurring on or about February 17, 2004.

(Indictment, Legal File, Resp'ts Ex. D, at 12-13 [Doc. 11] (all of Respondents' exhibits

are part of Document 11).)

Petitioner pleaded guilty to both charges. (Plea Tr., Legal File, Resp'ts Ex. D, at

14-31.) The plea court subsequently sentenced Petitioner to two consecutive five-year

terms of imprisonment. (Sentence and Judgment, Resp'ts Ex. D at 50-52; Sentencing

Tr., Resp'ts Ex. D, at 23.)

Petitioner did not appeal, but did timely seek post-conviction relief by filing a

---

[2] The attempt statute, Mo. Rev. Stat. § 564.011, provides in relevant part, that

[a] person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

Mo. Rev. Stat. § 564.011.1. The forcible rape offense is set forth at Mo. Rev. Stat. § 566.030, which states, in relevant part, that "A person commits the crime of forcible rape if such person has sexual intercourse with another person by the use of forcible compulsion." Mo. Rev. Stat. § 566.030.1.

[3] The state statute defining the kidnapping offense provides, in relevant part, that:

A person commits the crime of kidnapping if he unlawfully removes another without his consent from the place where he is found or unlawfully confines another without his consent for a substantial period, for the purpose of:

\*   \*   \*

(4) Facilitating the commission of any felony or flight thereafter.

Mo. Rev. Stat. § 565.110.1(4).

motion under Mo. S. Ct. Rule 24.035. (Pet'r Post-Conviction Mot., Legal File, Resp'ts

Ex. D, at 57-62). Through counsel, Petitioner filed an amended post-conviction motion,

including a request for an evidentiary hearing. (Pet'r Am. Postconviction Mot., Legal

File, Resp'ts Ex. D, at 64-113.) Petitioner presented five claims in that motion. The

first four claims challenged conduct by the plea court and alleged that the plea court

failed to establish a factual basis for Petitioner's guilty plea to kidnapping because the

kidnapping was incidental to the forcible rape and there was no additional risk of harm

or danger to Victim by her removal to the alley; that the plea court failed to inform

Petitioner of the possibility he would be subject, at the conclusion of his term of

imprisonment, to civil commitment under Missouri's Sexually Violent Predator Act

("SVPA"), Mo. Rev. Stat. § 632.480 et seq.;[4] that the plea court failed to advise

---

[4] The Missouri Supreme Court has held that the SVPA "does not impose punishment, but rather is rehabilitative." **Holtcamp v. State**, 259 S.W.3d 537, 540 (Mo. 2008) (en banc) (per curiam). That court described the SVPA's mechanism for civilly committing sexually violent predators as follows:

> If the department of corrections or department of mental health believes a person in its custody is a sexually violent predator, then the agency may forward written notice to the attorney general and a multidisciplinary team to determine if the [person] is a sexually violent predator. [Mo. Rev. Stat.] Section 632.483. The notice is provided within 360 days prior to the anticipated release from a correctional center of the department of corrections of a person who has been convicted of a sexually violent offense. [Mo. Rev. Stat.] Section 632.483.1(1). The multidisciplinary team is to determine if the person meets the [statutory] definition of a "sexually violent predator." [Mo. Rev. Stat.] Section 632.483.4. The team's assessment is provided to the [Missouri] attorney general and to the prosecutors' review committee. Id.[ and Mo. Rev. Stat. Section 632.483.5.]

Petitioner that he would have to register as a sex offender as a result of his guilty plea, Mo. Rev. Stat. § 589.400 et seq.; and that the plea court erred in applying the sex offender registration requirement to Petitioner because that statute is unconstitutional. (Id. at 65, 71, 78, 85-86.) By his fifth claim Petitioner alleged that his attorney provided ineffective assistance of counsel in failing to advise Petitioner about the possibility of civil commitment as a result of his plea to attempted forcible rape, about the requirement that Petitioner must register as a convicted sex offender for the rest of his life as a result of his plea, about the requirement that Petitioner must complete the Missouri Sex Offender Program ("MOSOP") to avoid the extension of his release date, and about Petitioner's inability to complete two phases of the MOSOP if he appealed or challenged

---

> The five-person prosecutors' review committee is appointed by the prosecutors coordinators training council. [Mo. Rev. Stat. Section 632.483.5.] It also determines if the person meets the definition of a "sexually violent predator." [Id.] If the prosecutors' review committee determines by majority vote that the person meets the definition of a "sexually violent predator," the attorney general may file a petition in the probate division of the circuit court in which the person was convicted alleging that the person is a sexually violent predator. [Mo. Rev. Stat.] Section 632.486.

**Id.** at 539 (footnote omitted). Once a petition is filed, certain procedural rights are guaranteed the person as the court ascertains whether there is probable cause for the sexually violent predator status, Mo. Rev. Stat. § 632.489, and a jury or non-jury trial occurs to determine whether the person is a sexually violent predator under the SVPA, Mo. Rev. Stat. §§ 632.492, 632.495. A "sexually violent predator" is statutorily defined, in relevant part, as "any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who (a) [h]as pled guilty . . . [to] a sexually violent offense." Mo. Rev. Stat. § 632.480(5). A "sexually violent offense" includes "the felon[y] of forcible rape . . . or an attempt to commit" that offense. Mo. Rev. Stat. § 632.480(4).

his convictions and denied his guilt. (Id. at 88, 90, 96-97, and 103.)

Without holding an evidentiary hearing, the motion court[5] entered findings of fact and conclusions of law denying Petitioner's post-conviction motion ("Judgment"). (Judgment, Legal File, Resp'ts Ex. D, at 114-23.)

Petitioner appealed, raising three points. (Pet'r Br., Resp'ts Ex. A.) In his first point, Petitioner alleged the motion court clearly erred in denying his post-conviction motion and violated his rights under the Fifth, Sixth, and Fourteenth Amendments because there was no factual basis for the charges. (Id. at 13, 20.) Specifically, Petitioner urged there was no "showing [of] an increased risk of harm to the victim by her removal to the alley for the attempted forcible rape" and the kidnapping charge could not be supported by a removal or confinement that was incidental to the attempted forcible rape. (Id.) For his second point on appeal, Petitioner alleged that the motion court clearly erred and violated his rights under the Fifth, Sixth, and Fourteenth Amendments by denying his motion without an evidentiary hearing because neither the plea court nor Petitioner's attorney informed Petitioner that attempted forcible rape was a "sexually violent offense" or predicate offense under the SVPA, subjecting him to a potentially indefinite civil commitment under that Act at the conclusion of his prison sentence. (Id. at 15-16, 28-29.) For his third point, Petitioner argued that the motion court erred and violated his rights under the Fifth, Sixth, and Fourteenth Amendments

_____

[5] The judge presiding over the post-conviction proceedings also presided over the plea and sentencing proceedings.

by denying his motion without an evidentiary hearing because neither the plea court nor Petitioner's attorney advised him that his convictions required that he register as a sex offender for the rest of his life. (Id. at 18-19, 45-46.)

The Missouri Court of Appeals for the Eastern District affirmed the denial of Petitioner's post-conviction motion in a summary per curiam order, dated September 25, 2007, explaining its decision in a memorandum sent only to the parties. (Order and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated September 25, 2007, Resp'ts Ex. E.) With respect to Petitioner's first point, that there was an insufficient factual basis for the guilty plea to kidnapping, the state appellate court stated in relevant part:

> In his first point on appeal, [Petitioner] claims the motion court clearly erred in denying his amended motion because there was no factual basis to support the charge of kidnapping as the kidnapping merely was incidental to the attempted forcible rape. [Petitioner] specifically argues that the facts were insufficient to show that [Petitioner] exposed the victim (Victim) to an increased risk of harm by removing her from the location where [Petitioner] found her to an alley in an attempt to commit forcible rape because the alley was not a remote or private location. [Petitioner] also argues that the act of removing Victim to the alley and confining her there was incidental to the offense of attempted forcible rape and, therefore, was adequately covered by the charge of and conviction for attempted forcible rape.

> Before entering judgment on a guilty plea, the trial court must determine there is a factual basis for the plea. Rule 24.02(e); Martin [v. State],187 S.W.3d [335,] 339 [(Mo. Ct. App. 2006)]. A factual basis exists if the defendant understands the facts presented at the guilty plea proceeding and those facts establish the commission of the crime with which he is charged. Id. The factual basis does not need to be established from the defendant's own words or by his admission to the facts as recited by the State as long as the basis exists on the record as a whole. Id.

However, a factual basis is established where the indictment or information clearly charges the defendant with all the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt. Id. As long as the guilty plea is voluntarily and understandingly made and is unequivocal as to the factual requisites necessary to establish each element of the offense, the plea itself forms a factual basis [for the] guilty plea. Id.

Section 565.110.1(4) provides that a person commits the crime of kidnapping if he unlawfully removes another without her consent from the place where she is found or unlawfully confines another without her consent for a substantial period, for the purpose of facilitating the commission of any felony or flight thereafter. The offense of kidnapping should not be charged where the movement or confinement of the victim is merely incidental to the commission of another offense. State v. Bess, 73 S.W.3d 791, 793 (Mo. [Ct.] App. . . . 2002). However, disallowing a conviction for kidnapping any time an additional offense is committed would make subsection 4 of the statute meaningless. State v. Williams, 860 S.W.2d 364, 366 (Mo. [Ct.] App. . . . 1993). To determine whether the moving and confining of the victim is incidental to an additional offense or is independently sufficient to constitute kidnapping, this court considers whether the victim was subjected to an increased risk of harm or danger as a result of the moving or confining that was not present as a result of the other offense. Bess, 73 S.W.3d at 793-94, citing State v. Olds, 831 S.W.2d 713, 720 (Mo. [Ct.] App. . . . 1992)[, overruled on other grounds, State v. Carson, 941 S.W.2d 518, 520 (Mo. 1997) (en banc)]. An increased risk of harm or danger may arise from the movement or confinement itself or from the potential of more serious criminal activity being committed because of the remoteness or privacy of the area to which the victim was moved. Bess, 73 S.W.3d at 79[4]. Whether the asportation or confinement is of the degree necessary to constitute the offense of kidnapping depends on the facts of each case. Id. . . .; Williams, 860 S.W.2d at 366.

[Petitioner]'s claim is without merit. Here, the information charged [Petitioner] for kidnapping Victim for the purpose of facilitating the commission of an additional felony, attempted forcible rape, in violation of Section 565.110[.1](4). At the plea hearing, the prosecutor described the evidence the State would have presented had the case gone to trial:

[T]he State would have proved beyond a reasonable doubt . . . [Victim] was walking to her home at approximately 9:05 A.M. [Petitioner] was a stranger to her and started following her. [Victim] would testify that [Petitioner] walked past her and stepped into an alley. As [Victim] walked past the alley [Petitioner] grabbed her, pulled her into an alley near a dumpster and knocked her to the ground without her consent. [Petitioner] then told [Victim] not to scream and put his hand over her mouth. [Petitioner] fled when a witness . . . saw him attacking [Victim] and shouted at [Petitioner]. [Petitioner] was then apprehended near the crime scene.

Both [Victim] and [the witness] positively identified [Petitioner]. [Petitioner] was subsequently interviewed by Detective Michael McQuellen from the Sex Crimes Unit. [Petitioner] gave an oral statement as well as an audiotaped statement that he had seen [Victim] walk past him. That he had followed her. That he pulled her into the alley with the intention to rape her. He stated that he thought of raping [V]ictim when he saw her walk by his home. Such conduct . . . was a substantial step toward the commission of the crime of forcible rape . . . .

In response to questions from the plea court, [Petitioner] subsequently testified that: he understood the nature of the charges against him and the range of punishment related to those charges; he had, in fact, committed the offenses as described by the prosecutor; and he knew his conduct violated the law. Clearly, this testimony alone established a factual basis for [Petitioner]'s plea of guilty to kidnapping, charged pursuant to Section 565.110[.1](4). Martin, 187 S.W.3d at 339.

Nevertheless, [Petitioner] maintains that, even though he admitted to pulling Victim into an alley for the purpose of raping her, the alley was not a remote or private location and moving her there did not create a high risk of injury, death, or harm not covered by the conviction for attempted forcible rape. We disagree. [Petitioner]'s argument fails to recognize that the focus of our analysis is not on the actual injury but on the increased risk to the victim. Bess, 73 S.W.3d at 794; State v. Tomlin, 864 S.W.2d 364, 367 (Mo. [Ct.] App. . . . 1993). The record reveals that [Petitioner]

saw Victim from the window of his residence and desired to rape her, so he followed her down a public street "in broad daylight," forced her into the alley, knocked her down near a dumpster, covered her mouth with his hand, and told her not to scream. Because [Petitioner] waited until he was sheltered by the alley before increasing the aggressiveness of his attack on Victim, one could reasonably infer that the kidnapping made the attempted rape possible. [Petitioner] did not knock Victim down, cover her mouth with his hand, or tell her not to scream on the public street in broad daylight since such behavior easily would have attracted the attention of passersby and may have thwarted [Petitioner]'s plan in the first place. Furthermore, although a witness eventually saw [Petitioner] attempting to rape Victim in the alley, [Petitioner]'s act of removing Victim from the open public street to the more secluded alley increased the risk of a prolonged, more violent sexual assault and decreased the chances of someone witnessing it or coming to Victim's aid. See Bess, 73 S.W.3d at 794; Tomlin, 864 S.W.2d at 367.

Accordingly, we conclude that a sufficient factual basis supported the charge of kidnapping to which [Petitioner] pleaded guilty, and the motion court did not err in denying [Petitioner]'s claim challenging his corresponding conviction. Point denied.

Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated September 26, 2007, Resp'ts Ex. E, at 3-6 (eighteenth, nineteenth, twenty-first, twenty-third, twenty-sixth, twenty-eighth, thirty-first, thirty-second, and thirty-sixth alterations in original).

With respect to Petitioner's second and third points on appeal, that neither the plea court nor Petitioner's counsel explained that Petitioner, at the conclusion of his incarceration, may be subject to civil commitment and must register his sex offender status for the rest of his life, the Missouri Court of Appeals stated:

[Petitioner]'s second and third points on appeal concern the consequences of his guilty pleas and require similar analysis; therefore, we address those points together.

In his second point on appeal, [Petitioner] claims the motion court erred in denying his motion without an evidentiary hearing because neither the plea court nor his plea counsel informed [Petitioner] that attempted forcible rape was a predicate offense under Missouri's Sexually Violent Predator Act (SVPA) and, thus, he could be subject to civil commitment at the conclusion of his prison sentence.

In his third point on appeal, [Petitioner] claims the motion court erred in denying his motion without an evidentiary hearing because neither the plea court nor his plea counsel informed [Petitioner] that pleading guilty to attempted forcible rape would require him to register as a sex offender at the conclusion of his prison sentence. [Petitioner] argues that the failures to so inform him violated his due-process rights, and had he been so informed, he would not have pleaded guilty but would have gone to trial.

Due process requires that a defendant who wishes to plead guilty must be competent to do so and must enter the plea knowingly and voluntarily. Carter v. State, 215 S.W.3d 206, 210 (Mo. [Ct.] App. . . . 2006). Accordingly, before accepting a defendant's guilty plea, the plea court must find that the defendant made his plea voluntarily and not as the result of force, threats, or promises apart from the plea agreement. Rule 24.02(c). Furthermore, the plea court has a duty to address a defendant personally, in open court, and to inform him of and determine whether he understands: 1) the nature of the charge to which he is pleading; 2) the mandatory minimum penalty and the maximum possible penalty provided by law; 3) that he has the right to a trial in which he would have the assistance of counsel and the right to confront and cross-examine witnesses against him; and 4) that, by pleading guilty, he is waiving his right to a trial. Rule 24.02(b).

Both the plea court and the defendant's plea counsel have a duty to discuss with the defendant the direct consequences of his plea, which Missouri courts have defined as consequences that definitely, immediately, and automatically follow the entry of the defendant's guilty plea. Morales v. State, 104 S.W.3d 432, 435 (Mo. [Ct.] App. . . . 2003); Brown v. State, 67 S.W.3d 708, 710-11 (Mo. [Ct.] 2002); Price v. State, 974 S.W.2d 596, 599 (Mo. [Ct.] App. . . . 1998) [(per curiam)]. However, neither the plea court nor plea counsel has a duty to inform the defendant of the collateral consequences of pleading guilty. Carter, 215 S.W.3d at

210[-11]; Morales, 104 S.W.3d at 435-37; Ramsey v. State, 182 S.W.3d 655, 659-61 (Mo. [Ct.] App. . . . 2005).

Missouri courts have held that a defendant's potential for future civil commitment under the SVPA is a collateral consequence of his guilty plea because: 1) the SVPA is a civil statutory scheme and provides for treatment and is not punitive in nature; and 2) the defendant will not automatically and definitely be deemed a "sexually violent predator" subject to civil commitment merely because he pleaded guilty to a crime defined as a "sexually violent offense" under the SVPA. Morales, 104 S.W.3d at 435-36; State ex rel. Nixon v. Kinder, 129 S.W.3d 5, 8 (Mo. [Ct.] App. . . . 2003). Likewise, it has been held that requiring a defendant who has pleaded guilty to a sex crime to register as a sex offender pursuant to [Mo. Rev. Stat.] Section 589.400 at the conclusion of his sentence is a collateral consequence of his guilty plea because such a requirement is not punitive and does not enhance the defendant's sentence but is merely a method of making relevant and necessary information available to law enforcement. Ramsey, 182 S.W.3d at 659-61.

Here, [Petitioner]'s claims are without merit because neither the plea court nor plea counsel was obligated to inform [Petitioner] of the collateral consequences of his pleas.

First, the SVPA does not mandate that [Petitioner] will be automatically or definitely deemed a sexually violent predator subject to civil commitment as a result of pleading guilty to attempted forcible rape, and nothing in the record before us shows that [Petitioner] suffers from a mental abnormality that could make him more likely to engage in predatory acts of a sexual nature if he is not confined – a threshold requirement for civilly committing a person under the SVPA. Furthermore, [Petitioner] could not even be considered for civil commitment under the SVPA unless and until he is deemed to be a sexually violent predator following a lengthy procedure separate from this case and involving a multidisciplinary team, a prosecutors' review committee, the attorney general's office, the probate division of the circuit court in which [Petitioner] was convicted, the Department of Mental Health, and, possibly, a psychiatrist or a psychologist hired by [Petitioner]. This procedure is by no means automatic or definite and involves a great deal of discretion. Finally, a trial would be held to determine, beyond a reasonable doubt, whether [Petitioner] is a sexually violent predator.

Clearly, none of these civil procedures were part of [Petitioner]'s criminal case, and it is not known whether [Petitioner] might or might not be found to be a sexually violent predator in the future.

Second, although the requirement to register as a sex offender pursuant to Section 589.400 definitely, immediately, and automatically followed the entry of [Petitioner]'s guilty plea, registering as a sex offender is not punitive, will not enhance [Petitioner]'s sentence, and will not affect the range of his punishment.

Thus, because [Petitioner] was aware of the direct consequences of his pleas and because the plea court and his plea counsel were not under an affirmative obligation to inform [Petitioner] of the possibility of civil commitment or that he must register as a sex offender at the conclusion of his sentence, we find that [Petitioner] entered his guilty plea voluntar[il]y and intelligently. [Petitioner]'s second and third points are denied.

Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated September 26, 2007, Resp'ts Ex. E, at 3-6. The Missouri Court of Appeals issued its mandate on October 17, 2007. (See page 4 of the docket sheet for **Davis v. Missouri**, No. ED. 88907, https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Apr. 13, 2011).)

Petitioner then filed this timely federal habeas action. In his petition (Doc. 1), Petitioner presents three grounds for relief. First, Petitioner argues that there was no factual basis to support the kidnapping charge because the kidnapping was incidental to the attempted forcible rape. For his second ground for relief, Petitioner alleges that his guilty plea was not voluntary, knowing, and intelligent because neither his attorney nor the plea court informed him that attempted forcible rape is a predicate offense under Missouri's SVPA and that he could be civilly committed at the conclusion of his prison

sentence. Finally, Petitioner urges his guilty plea was not voluntary, knowing, and intelligent because neither his attorney nor the plea court advised him that pleading guilty to attempted forcible rape would require him to register as a sex offender upon his release from prison. Petitioner states that he would not have pleaded guilty if he had known of the potential civil commitment and registration requirements that follow his release from prison.

## Discussion

Standard of Review. Title 28 U.S.C. § 2254(d) mandates that a federal court grant habeas relief on a claim that was adjudicated on its merits by the State courts *only* "when the state court's decision [is] contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court [of the United States], or the [state court] decision [is ]based on an unreasonable determination of the facts in light of the evidence presented in the state court." **de la Garza v. Fabian**, 574 F.3d 998, 1001 (8th Cir. 2009), cert. denied, 130 S. Ct. 2412 (2010); accord **Christenson v. Ault**, 598 F.3d 990, 994 (8th Cir. 2010). "A state court decision is contrary to clearly established federal law if it reaches a conclusion opposite to one reached by the [United States] Supreme Court on a question of law or decides the case differently than the [United States] Supreme Court has decided a case with a materially indistinguishable set of facts." **de la Garza**, 574 F.3d at 1001; accord **Losh v. Fabian**, 592 F.3d 820, 823 (8th Cir. 2010). "A state court decision involves an unreasonable application of clearly

established federal law if, in the federal court's independent judgment, the relevant state court decision not only applied clearly established federal law incorrectly, but also did so unreasonably." **de la Garza**, 574 F.3d at 1001. "The unreasonable application inquiry is an objective one." **Id.**; see **Losh**, 592 F.3d at 823 (under the unreasonable application clause of § 2254, a habeas petition may be granted "only if the state court applied the correct governing legal principle in an objectively unreasonable manner").

Importantly, "[o]nly rulings in Supreme Court decisions issued before the state court acts are considered clearly established federal law, for a state court does not act contrary to or unreasonably apply clearly established federal law if there is no controlling Supreme Court holding on the point." **Losh**, 592 F.3d at 823 (citations omitted). The state court does not need to cite to Supreme Court cases, "'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" **Revels v. Sanders**, 519 F.3d 734, 739 (8th Cir. 2008)) (quoting Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).

"[T]he 'summary nature' of the [state court's] discussion of [a] federal constitutional question does not preclude application of [§ 2254's] standard." **Brown v. Luebbers**, 371 F.3d 458, 462 (8th Cir. 2004) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law precedential principles to the contrary." **Harrington v. Richter**, 131 S. Ct.

770, 784-85 (2011). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" **Id.** at 785.

Additionally, in a federal habeas action pursued by a state prisoner, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The deference owed by a federal habeas court to a state court's findings of fact includes deference to state court credibility determinations, **Smulls v. Roper**, 535 F.3d 853, 864 (8th Cir. 2008) (en banc), and to "[a] state court's findings of fact made in the course of deciding" an ineffective assistance of counsel claim, **Odem v. Hopkins**, 382 F.3d 846, 849 (8th Cir. 2004). Moreover, the presumption of correctness of findings of fact applies to the factual determinations made by both the state trial court and the state appellate court. **Smulls**, 535 F.3d at 864.

Moreover, "[s]olemn declarations in open court carry a strong presumption of verity." **Blackledge v. Allison**, 431 U.S. 63, 74 (1977). Therefore, "while a guilty plea taken in open court is subject to collateral attack, 'the defendant's representations during the plea-taking carry a strong presumption of verity and pose a "formidable barrier in any subsequent collateral proceedings."'" **Bramlett v. Lockhart**, 876 F.2d 644, 648 (8th Cir. 1989) (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)).

Ground One - Factual Basis for Kidnapping Charge. Petitioner first argues his plea lacks a factual basis because the kidnapping was incidental to the attempted forcible

rape and there was no increased risk of harm to Victim by Petitioner's removal of Victim to the alley in that "[i]t was not a private location because an eyewitness saw the incident from his home [and] the dumpster was right next to the sidewalk." (Pet'r Pet. at 6 [Doc. 1 at 5].) Respondents counter that the requirement that a guilty plea have a factual basis is not a constitutional requirement when it is not accompanied by a claim of innocence, citing **Wabasha v. Solem**, 694 F.2d 155, 157 (8th Cir. 1982) (citing <u>North Carolina v. Alford</u>, 400 U.S. 25, 38 n.10 (1970)). Because Petitioner has not proclaimed his innocence, Respondents urge, this ground for relief presents a claim that is not cognizable in a federal habeas proceeding.

When "conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." **Estelle v. McGuire**, 502 U.S. 62, 68 (1991); <u>accord</u> **Middleton v. Roper**, 455 F.3d 838, 852 (8th Cir. 2006). In the absence of a claim of innocence, there is no federal constitutional requirement that a state defendant's guilty plea have a factual basis. **Wabasha**, 694 F.2d at 157 (absent a claim of innocence, the requirement that a guilty plea have a factual basis arises out of Federal Rule of Criminal Procedure 11 and not out of the constitution) (citing <u>Alford</u>, 400 U.S. at 38 n.10); <u>cf.</u> **Cranford v. Lockhart**, 975 F.2d 1347, 1349 (8th Cir. 1992) (per curiam) (rejecting, on the merits, a claim that no factual basis existed for a guilty plea entered by a petitioner who denied his guilt).

The record discloses that Petitioner has not urged he was innocent of the charged

offenses. Rather, during the plea proceeding, Petitioner acknowledged that he was changing his plea from not guilty to guilty on the two charged offenses, and agreed with the prosecutor's statements regarding what happened: that, from an alley, Petitioner grabbed Victim from where she was on a sidewalk and pulled her into the alley, knocked her down, put his hand over her mouth, and told her not to scream; and that he had intended to rape her. (Plea Tr., Legal File, Resp'ts Ex. D, at 15, 21-23.) Additionally, during the sentencing, Petitioner stated, he "wanted to apologize for [his] actions. . . . [That] it all did happen, and [he was] terribly sorry." (Sentencing Tr., Legal File, Resp't Ex. D, at 37.) At no point during those or subsequent proceedings has Petitioner contended he was innocent of the charged offenses. Therefore, this is not a case in which Petitioner seeks analysis of the factual basis of a guilty plea in the context of a claim of innocence. Petitioner's ground for relief is not a cognizable claim for federal habeas relief.[6]

Even if the claim is cognizable,[7] the claim lacks merit. "Determinations of state

_____

[6] To the extent this ground for relief is an effort by Petitioner to seek this Court's review of the state appellate court's determination that the state plea court complied with Mo. S. Ct. R. 24.02(e), which requires that a state court "not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea," such a claim is not cognizable in a federal habeas proceeding. See Lee v. Norris, 354 F.3d 846, 847 (8th Cir. 2004) ("[A] mere violation of state law . . . is not cognizable in federal habeas"); McDonald v. Bowersox, 101 F.3d 588, 592 (8th Cir. 1996) ("[a] federal [habeas] court may not re-examine a state court's interpretation and application of state law'") (quoting Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994)).

[7] The United State Court of Appeals for the Eighth Circuit has addressed the merits of a claim that a guilty plea accepted in state court lacked a factual basis in federal habeas cases not clearly involving a petitioner's claim of innocence. See, e.g., Moore v. Armontrout, 928

law by the Missouri Court of Appeals are binding" in a federal habeas proceeding. **Crump v. Caspari**, 116 F.3d 326, 327 (8th Cir. 1997); see also **Estelle**, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); **Taylor v. Bowersox**, 329 F.3d 963, 968 (8th Cir. 2003) ("A state's interpretation of its own law is virtually unreviewable by a federal court"); **McDonald**, 101 F.3d at 592 ("[a] federal [habeas] court may not re-examine a state court's interpretation and application of state law"") (quoting Schleeper, 36 F.3d at 737). Therefore, this Court is bound by the state appellate court's conclusion that, under Missouri law, the determination that a kidnapping is independent of, rather than incidental to, another offense may be based on the movement of the victim from one location to another that subjects the victim to an increased risk of harm that is not present due to the other offense, and that the increased risk of harm or danger may arise from the movement itself or "from the potential of more serious criminal activity being committed" due to the remoteness or privacy of the location to which the victim was moved. (Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated September 26, 2007, Resp'ts Ex. E, at 4.) Recognizing that the determination depends on the facts of the case, the Missouri Court of Appeals found that Petitioner's act of

---

F.2d 288, 292-93 (8th Cir. 1991) (addressing the merits of an argument that a "guilty plea to [a] tampering charge [was] unconstitutional because of an inadequate factual basis"); **Travis v. Lockhart**, 787 F.2d 409, 410 (8th Cir. 1986) (per curiam) (addressing the merits of a factual basis of a guilty plea claim as presenting an issue about the knowing and voluntary nature of the plea).

moving Victim from the "open public street" to the "more secluded alley increased the risk of a prolonged, more violent sexual assault and decreased the chances of someone witnessing it or coming to Victim's aid" supported the factual basis for the kidnapping charge to which Petitioner pleaded guilty. (Id. at 4, 6.)

In addition, as the Missouri Court of Appeals also found, Petitioner's sworn testimony during the plea proceeding acknowledging the accuracy of the prosecutor's statements that he intended to rape Victim and that he pulled Victim from the sidewalk where she was walking to the alley where Petitioner was waiting and then further attacked Victim physically in his effort forcibly to rape her provided a factual basis for Petitioner's plea. These determinations are sufficient to establish a factual basis for Petitioner's guilty plea. See **United States v. Rea**, 300 F.3d 952, 958 (8th Cir. 2002) ("it is well 'settled that the judge may establish the factual basis for the guilty plea through questioning in open court, documents, or other evidence in the record'") (quoting United States v. Carr, 271 F.3d 172, 179 (4th Cir. 2001)); **Cummings v. United States**, 831 F.2d 779, 781 (8th Cir. 1987) (per curiam) ("admissions under oath at the guilty-plea hearing provided an ample factual basis for [the guilty] pleas"); see also **Bramlett**, 876 F.2d at 648 ("while a guilty plea taken in open court is subject to collateral attack, 'the defendant's representations during the plea-taking carry a strong presumption of verity and pose a "formidable barrier in any subsequent collateral proceedings"'") (quoting Voytik, 778 F.2d at 1308)).

To the extent Petitioner's first ground for relief is cognizable in this federal habeas proceeding, the state appellate court's affirmance of the state motion court's denial of Petitioner's motion for post-conviction relief on this ground was a reasonable application of, and was not contrary to, clearly established federal law. Furthermore, the state court decision is based on a reasonable determination of the facts in light of the evidence presented in the state court.

Therefore, whether this ground is viewed as not cognizable or as cognizable, Petitioner is not entitled to relief on ground one.

Grounds Two and Three - Failure of Plea Court and Petitioner's Counsel to Advise Petitioner about Civil Commitment and Registration Requirements upon Release from Prison. In grounds two and three, Petitioner contends his federal constitutional rights were violated by the failure of both the plea court and his attorney to advise Petitioner that, as a result of his guilty plea to the attempted forcible rape, he would be eligible for civil commitment and would need to register as a sex offender upon his release from prison. Petitioner contends he would not have pleaded guilty to attempted forcible rape if he had known he would be subject to indefinite civil commitment and registration as a sex offender at the conclusion of his term of imprisonment. Respondents argue these grounds do not entitle Petitioner to habeas relief because Petitioner is challenging the failure of the plea court and Petitioner's counsel to advise Petitioner of collateral consequences, as opposed to direct consequences, of a guilty plea,

and a failure to advise a state defendant pleading guilty about the collateral consequences of a guilty plea does not support the granting of federal habeas relief. As the state appellate court did, this Court will address these two grounds together because they present similar issues for resolution.

For a guilty plea to be valid, it must be voluntary, knowing, and intelligent, "with sufficient awareness of the relevant circumstances and likely consequences." **Brady v. United States**, 397 U.S. 742, 748 (1970). A plea is intelligently and knowingly made when it follows advice by competent counsel, the defendant is made aware of the nature of the charges against him, and nothing indicates the defendant is "incompetent or otherwise not in control of his mental faculties." **Id.** at 756.

Furthermore, it is well established that "a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann[ v. Richardson, 397 U.S. 759 (1970)].'" **Hill v. Lockhart**, 474 U.S. 52, 56-57 (1985) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). Consequently, to obtain habeas relief, Petitioner must show that his counsel's performance was deficient, i.e., counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that Petitioner would not have pleaded guilty to the charges and would have insisted on going to trial but for that deficient performance. **Id.** at 57-59; see **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir.

2001).  Notably, "[i]n determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" **Nguyen v. United States**, 114 F.3d 699, 704 (8th Cir. 1997) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)).

To satisfy the voluntariness requirement, the defendant pleading guilty must be fully aware of the direct consequences of the plea.  See **Brady**, 397 U.S. at 755 (quoting Shelton v. United States, 246 F.2d 571, 572 n. 2 (5th Cir. 1957 ) (en banc), rev'd on other grounds, 356 U.S. 26 (1958)); **United States v. Williams**, 104 F.3d 213, 216 (8th Cir. 1997);  **George v. Black**, 732 F.2d 108, 110 (8th Cir. 1984).  As the United States Court of Appeals for the Eighth Circuit has found,

> [i]t is not necessary to attempt to inform the defendant of all the indirect or collateral consequences [of a guilty plea].  United States v. Lambros, 544 F.2d 962, 966 (8th Cir. 1976). . . .  "The distinction between 'direct' and 'collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment."  Cuthrell v. Director, Patuxent Inst[.], 475 F.2d 1364, 1366 (4th Cir. [1973]), . . . ; . . . Lambros, . . . 544 F.2d at 966.

**George**, 732 F.2d at 110.  In **George**, the plea court's failure during the plea to inform the petitioner, who was charged with attempted sexual assault,  that he was subject to a mental health commitment proceeding after his release from prison did not entitle the petitioner to federal habeas relief because, under the terms of the Nebraska statute providing for such a commitment proceeding, "civil commitment does not flow automatically from the plea."  **Id.** at 111.  Specifically, the state statute required the

prosecutor to commence the civil commitment proceedings upon the petitioner's release from prison but did not mandate the commitment. **Id.** The commitment proceedings were "completely distinct from the original criminal proceedings and . . . conducted by a different tribunal," with constitutional rights guaranteed during the proceedings and a requirement that there be "clear and convincing proof that the defendant is a mentally ill and dangerous person" before commitment occurred. **Id.**

The Missouri appellate court, considering Missouri's standard for distinguishing between direct and collateral consequences of a plea, concluded that the civil commitment following Petitioner's release from prison was a collateral consequence. In particular, the state appellate court found that the SVPA does not "automatically or definitely" conclude Petitioner is a "sexually violent predator" subject to civil commitment due to his guilty plea to attempted forcible rape, nor is it clear at this point that Petitioner satisfies the threshold requirement for commitment under the SVPA, "that [Petitioner] suffers from a mental abnormality that could make him more likely to engage in predatory acts of a sexual nature if he is not confined." (Mem. Supplementing Order Affirming Pursuant to Rule 84.16(b), dated September 26, 2007, Resp'ts Ex. E, at 8.)

While the attempted forcible rape charge to which Petitioner pleaded guilty is one of the offenses to which the SVPA applies, the SVPA authorizes, but does not automatically mandate, civil commitment upon Petitioner's release from prison. Mo.

Rev. Stat. § 632.480 et seq. Importantly, under the SVPA a multi-layered process occurs before a Missouri prosecutor general may seek "sexually violent predator" status through the filing of a petition, followed by a probable cause determination and a trial proceeding in a state probate court. **Id.** As the state appellate court noted, the process to ascertain whether the confined person may be considered a "sexually violent predator" is independent of the criminal proceedings resulting in the guilty plea, involves numerous individuals from different offices and disciplines, requires a trial to determine the person's "sexually violent predator" status, and may or may not result in a civil commitment. Under the standard set forth in **George**, supra, a civil commitment under the SVPA is a collateral, rather than a direct, consequence of Petitioner's plea because a finding that Petitioner is a "sexually violent predator" who should be civilly committed under the SVPA following his release from prison does not definitely, immediately, and automatically flow from his plea or affect the range of his punishment for that offense. Accordingly, Petitioner's counsel did not provide ineffective assistance of counsel and the plea court did not violate Petitioner's federal constitutional rights by failing to advise Petitioner that he may be subject to civil commitment under the SVPA upon his release from prison on the attempted forcible rape charge to which he pleaded guilty.

The Missouri appellate court's conclusion that civil commitment under the SVPA is a collateral consequence of the plea about which neither the plea court nor Petitioner's counsel had a duty to advise Petitioner is not contrary to or an unreasonable application

of clearly established federal law. Ground two is denied.

In his third ground for relief, Petitioner argues that the plea court and his counsel violated his federal constitutional rights by failing to advise him that he would have to register as a sex offender after his release from prison.

The requirement that Petitioner register as a sex offender automatically flows from Petitioner's guilty plea to attempted forcible rape. Mo. Rev. Stat. § 589.400.1(1), 589.400.2.[8] While the registration requirement automatically results from Petitioner's guilty plea to attempted forcible rape, that requirement does not do anything to the range of punishment applicable to that offense. Therefore, the Court concludes that the registration requirement is a collateral consequence, and not a direct consequence, of Petitioner's guilty plea to attempted forcible rape. See **Lawrence v. Texas**, 539 U.S. 558, 575-76 (2003) (discussing a sex offender registration requirement resulting from a sex offense conviction as one of several "collateral consequences" following a conviction). Accordingly, the Missouri appellate court's conclusion that the sex offender registration requirement is a collateral consequence of the plea about which neither the plea court nor Petitioner's counsel had a duty to advise Petitioner is not contrary to or an

_____

[8] Missouri Revised Statutes § 589.400.1(1) provides that the registration requirement "shall apply," in relevant part, to "[a]ny person who . . . has . . . pled guilty to . . . attempting to commit [] a felony offense of chapter 566, RSMo." Such a person must register with the chief law enforcement official of the county of the person's residence promptly after release from incarceration. Mo. Rev. Stat. § 589.400.2. Absent certain statutorily enumerated circumstances, this registration requirement applies throughout the person's lifetime. Mo. Rev. Stat. § 589.400.3. The Missouri Supreme Court has concluded that the statutory sex offender registration requirements are civil and regulatory, rather than punitive, in nature. **In re R.W.**, 168 S.W.3d 65, 70 (Mo. 2005) (en banc).

unreasonable application of clearly established federal law.  Ground three is denied.

## Conclusion

The state appellate court's affirmance of the post-conviction motion court's denial of relief on the three claims Petitioner now presents for federal habeas relief is not contrary to, or an unreasonable application, of clearly established federal law; and is not based on an unreasonable determination of the facts.  Petitioner's guilty plea was not involuntary or unknowing, or a result of the ineffective assistance of counsel as claimed by Petitioner.

Accordingly,

**IT IS HEREBY ORDERED** that Terry Russell is **SUBSTITUTED** for Steve Larkins as a Respondent in this proceeding

**IT IS FURTHER ORDERED** that Chris Koster is **ADDED** as a Respondent in this proceeding.

**IT IS FINALLY ORDERED** that the 28 U.S.C. § 2254 petition of Brian Davis [Doc. 1] be **DENIED** without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2011.